IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

UNITED STATES OF AMERICA,        )
                                 )
              Plaintiff,         )
                                 )
       v.                        )      No.  01 CR 561-2
                                 )
WITCLIFFE PLUMMER,               )
                                 )
              Defendant.         )

                          MEMORANDUM

   This Court has had under consideration for some time the application by attorney Steven Levy for reimbursement under the Criminal Justice Act ("CJA").  Although the delay is regrettable, it was occasioned by a matter of principle that the application poses:  the reimbursability of the portion of attorney Levy's claim that he attributes to claimed travel time and travel expense.

   This Court's inquiry has revealed that no official guidelines exist for the determination of what constitutes "reasonable travel time and expenses" for CJA purposes, a subject left to the discretion of the reviewing court.  In this instance fully $3,757 of attorney Levy's claim--well over 40% of the total request--is ascribable to those travel-related items.  And that presents in high profile the question as to how much should be allowed to CJA lawyers generally on the premise that portal-to-portal time (say spent in going to court, appearing in court and returning to the office) appropriately reflects opportunity

costs--after all, what a lawyer has to sell is his or her time.

In this instance attorney Levy resides or offices in Gary, Indiana, and his claimed charges reflect that location and Flossmoor as the base points for the claim. This Court sees no reason why he should be compensated at $125 an hour plus travel expenses for having made that choice, while many other members of the criminal defense bar office (say) in the Monadnock Building (53 West Jackson Boulevard, Chicago, catercorner from the federal courthouse) and spend only a few minutes in transit.

This Court has recommended to its colleagues that a local rule be adopted establishing a reimbursement norm based on an assumed Loop location, and something along those lines is under consideration by the District Court's Rules Committee. In the meantime, this Court has recalculated attorney Levy's claim as if an appropriately modest amount of time and travel via shank's mare were involved. That would knock the present claim down by $2,750 attributable to travel time and the entire $207 claimed in travel expense.

CJA Guideline §230.36(a) reads:

> The CJA provides that the reviewing judge shall fix the compensation and reimbursement to be paid to appointed counsel. If the court determines that a claim should be reduced, appointed counsel should be provided:
>
> > prior notice of the proposed reduction with a brief statement of the reason(s) for it, and
> >
> > an opportunity to address the matter.

This memorandum complies with that requirement, and this Court awaits a prompt response from attorney Levy.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 5, 2011